# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

MARK TCHERKEZIAN, Individually and on
Behalf of All Others Similarly Situated,

     Plaintiff,

v.

IBOTTA, INC.,
BRYAN LEACH,
SUNIT PATEL,
STEPHEN BAILEY,
AMANDA BALDWIN,
AMIT N. DOSHI,
THOMAS LEHRMAN,
VALARIE SHEPPARD,
LARRY W. SONSINI,
GOLDMAN SACHS & CO. LLC,
CITIGROUP GLOBAL MARKETS INC.,
BOFA SECURITIES, INC.,
EVERCORE GROUP L.L.C.,
UBS SECURITIES LLC,
WELLS FARGO SECURITIES, LLC,
CITIZENS JMP SECURITIES, LLC,
NEEDHAM & COMPANY, LLC, and
RAYMOND JAMES & ASSOCIATES, INC.,

     Defendants.

Civil Action No. 25-cv-01213-NYW-SBP
*Consolidated with Civil Action No. 25-cv-01615-NYW-SBP*

---

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

---

Pursuant to Federal Rule of Evidence 201 ("Rule 201"), Defendants Ibotta, Inc. ("Ibotta"),

Bryan Leach, Sunit Patel, Stephen Bailey, Amanda Baldwin, Amit N. Doshi, Thomas Lehrman,

Valarie Sheppard, Larry W. Sonsini, Goldman Sachs & Co. LLC, Citigroup Global Markets Inc.,

BofA Securities, Inc., Evercore Group L.L.C., UBS Securities LLC, Wells Fargo Securities, LLC,

Citizens JMP Securities, LLC, Needham & Company, LLC, and Raymond James & Associates,

Inc. (collectively, "Defendants") respectfully request that the Court take judicial notice of the

documents attached to the Declaration of Tamar Kaplan-Marans ("Kaplan-Marans Declaration")

as Exhibits 1 through 11 (the "Exhibits") submitted in support of Defendants' Motion to Dismiss

Lead Plaintiff Mark Tcherkezian's ("Plaintiff") Consolidated Amended Class Action Complaint

for Violations of the Federal Securities Laws and Jury Demand [ECF No. 37] (the "Complaint").

For the reasons set forth below, Defendants respectfully request that the Court take judicial

notice of the following Exhibits:

- **Ibotta's Public Filings with the Securities and Exchange Commission ("SEC")**

  o Exhibit 1: Prospectus on Ibotta's April 18, 2024 Form 424B4;

  o Exhibit 2: An excerpt of Ibotta's February 27, 2025 Form 10-K for fiscal year 2024;

  o Exhibit 6: Compilations of Forms 144 filed with the SEC in connection with sales of Ibotta securities by certain Ibotta directors and officers or their affiliates from September 3, 2024, through February 14, 2025;

  o Exhibit 7: Compilations of Forms 4 filed with the SEC in connection with sales of Ibotta securities by certain Ibotta directors and officers or their affiliates from September 3, 2024, through February 14, 2025;

  o Exhibit 8: Forms 4 of Defendant Amit Doshi filed with the SEC between April 22, 2024, and January 15, 2025;

  o Exhibit 9: Forms 4 of Defendant Bryan Leach filed with the SEC between April 22, 2024, and January 15, 2025;

  o Exhibit 10: An excerpt of Ibotta's August 14, 2024 Form 10-Q; and

  o Exhibit 11: Ibotta's April 18, 2024 Form S-8.

- **Earnings-Call Transcripts**

  o   Exhibit 3: Transcript of Ibotta's Q2 2024 Earnings Call;

  o   Exhibit 4: Transcript of Ibotta's Q3 2024 Earnings Call; and

  o   Exhibit 5: Transcript of Ibotta's Q4 2024 Earnings Call.

As set forth below, judicial notice of these materials is appropriate because each Exhibit is a public document, is incorporated by reference into the Complaint, and/or is otherwise judicially noticeable under the Federal Rules of Evidence.

## LEGAL STANDARDS

In deciding a motion to dismiss, courts "must consider the complaint in its entirety … including 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *In re Gold Res. Corp. Sec. Litig.*, 776 F.3d 1103, 1108 (10th Cir. 2015) (quoting *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007)). "[I]t is not unusual" in securities cases for courts to consider "documents incorporated by reference"; "public documents filed with the SEC"; and "documents the plaintiffs relied upon in bringing suit." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1158 (10th Cir. 2018) (quotation marks omitted); *accord Smallen v. The W. Union Co.*, 950 F.3d 1297, 1305 & n.4, 1310 n.9 (10th Cir. 2020).

Further, Federal Rule of Evidence 201 authorizes judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). A court is required to take judicial notice "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2); *see O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1224 (10th Cir. 2007) (judicial notice is "mandatory

3

when it applies"); *Zimomra v. Alamo Rent-A-Car, Inc.*, 111 F.3d 1495, 1504 (10th Cir. 1997) (holding that district court "was required to take judicial notice").

Finally, courts may consider "documents referred to in the complaint," in evaluating a motion to dismiss, "if the documents are central to the plaintiff's claim[s] and the parties do not dispute the documents' authenticity." *Smallen*, 950 F.3d at 1305 (quoting *Emps.' Ret. Sys.*, 889 F.3d at 1158); *accord Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009); *Utah Gospel Mission v. Salt Lake City Corp.*, 425 F.3d 1249, 1253–54 (10th Cir. 2005). Courts are not limited to considering the parts of a document specifically referred to in the complaint; instead, courts should consider these documents in their entirety. *See Emps.' Ret. Sys.*, 889 F.3d at 1158 ("We may look to the contents of a referenced document itself rather than solely to what the complaint alleges the contents to be."); *Heiner v. Watford*, 2022 WL 18777077, at *1 (D. Colo. Nov. 21, 2022), *report and recommendation adopted*, 2023 WL 2824288 (D. Colo. Mar. 27, 2023).

## ARGUMENT

**I.**     **The Court May Consider the SEC Filings in Deciding the Motion to Dismiss**

     **A.**     **The Court should take judicial notice of the SEC filings**

The Court may properly take judicial notice under Rule 201(b)(2) of the SEC filings (Exhibits 1–2 and 6–11), all of which are publicly filed documents. *See Emps.' Ret. Sys.*, 889 F.3d at 1158; *In re Oppenheimer Rochester Funds Grp. Sec. Litig.*, 838 F. Supp. 2d 1148, 1156 (D. Colo. 2012) ("[A] court may take judicial notice of the contents of SEC filings that are a matter of public record."). Indeed, courts in this district routinely take judicial notice of SEC filings in connection with Rule 12(b)(6) motions to dismiss. *See, e.g.*, *In re Crocs, Inc. Sec. Litig.*, 774 F. Supp. 2d 1122, 1143 n.3 (D. Colo. 2011) (taking judicial notice of Form 10-K), *aff'd sub nom.*

*Sanchez v. Crocs, Inc.*, 667 F. App'x 710 (10th Cir. 2016); *see also Heiner*, 2022 WL 18777077 at *1 (noting that SEC filings are "proper for judicial notice"); *Smallen*, 950 F.3d at 1310 n.9 (taking judicial notice of defendants' stock holdings derived from publicly filed proxy statements). Thus, the Court should take judicial notice of Exhibits 1–2 and 6–11 under Rule 201.

**B.    Certain of the SEC Filings are also incorporated by reference in the Complaint**

Exhibits 1, 2, and 10 are also suitable for the Court's consideration at the pleading stage because they are incorporated by reference in the Complaint.  Under the incorporation-by-reference doctrine, a court may properly consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" in ruling on a motion to dismiss.  *Prager v. LaFever*, 180 F.3d 1185, 1189 (10th Cir. 1999) (collecting cases indicating that courts have discretion whether to consider such materials).

Plaintiff's claims and allegations are in large part predicated on statements made in certain of Ibotta's SEC filings.  Plaintiff references Exhibit 1 (the Prospectus on Form 424B4) pervasively throughout his Complaint.  *See* Compl. ¶¶ 2, 53, 55 n.5, 59–60, 63, 68, 74–75, 128, 129, 131, 136, 138, 210, 252, 253–55.  Plaintiff also relies on Exhibit 2 (Ibotta's Form 10-K for fiscal year 2024), *see id.* ¶¶ 201, 209–10, and Exhibit 10 (Ibotta's August 14, 2024 Form 10-Q), *see id.* ¶¶ 118, 171–75, 210, as documents integral to his allegations and claims.  Thus, it is proper for the Court to consider Exhibits 1, 2, and 10.

**II.    The Court May Consider the Earnings-Call Transcripts in Deciding the Motion to Dismiss**

        **A.    The Court should take judicial notice of the earnings-call transcripts**

The Court may take judicial notice of the earnings-call transcripts (Exhibits 3–5) because they are sources "whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(2).  In analogous circumstances, courts have taken judicial notice of "transcript[s] of earnings conference calls."  *In re Gold Res. Corp. Sec. Litig.*, 957 F. Supp. 2d 1284, 1293 (D. Colo. 2013), *aff'd*, 776 F.3d 1103.

        **B.    The earnings-call transcripts are also incorporated by reference in the Complaint**

The earnings-call transcripts (Exhibits 3–5) are also proper for this Court's consideration under the incorporation-by-reference doctrine.  Plaintiff references, summarizes, and quotes from these documents extensively.  *See* Compl. ¶¶ 117, 146, 165–70, 176–83, 190–207, 214.  There is no dispute that these documents are central to Plaintiff's claims.  Thus, the Court can properly consider the full content of these documents to evaluate the statements challenged in the Complaint.  *See Heiner*, 2022 WL 18777077 at *1 (holding that earnings-call transcripts that were "repeatedly referred to and quoted" in plaintiffs' complaint were incorporated by reference).

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of the above-referenced Exhibits attached to the Kaplan-Marans Declaration.

6

Dated: December 15, 2025

**KING & SPALDING LLP**

*/s/ Cliff Stricklin*
Cliff Stricklin
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2327
Fax: (720) 535-2400
Email: cstricklin@kslaw.com

Mark Kirsch
1290 Avenue of the Americas, 14th Floor
New York, NY 10104
Telephone: (212) 790-5329
Email: mkirsch@kslaw.com

*Attorneys for Underwriter Defendants*

Respectfully submitted,

**WILMER CUTLER PICKERING
HALE AND DORR LLP**

*/s/ Michael G. Bongiorno*
Michael G. Bongiorno
Anjan Sahni
Tamar Kaplan-Marans
Charles C. Bridge
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Fax: (212) 230-8888
E-mail: Michael.Bongiorno@wilmerhale.com
E-mail: Anjan.Sahni@wilmerhale.com
E-mail: Tamar.Kaplan-Marans@wilmerhale.com
E-mail: Charles.Bridge@wilmerhale.com

Emily K. O'Hara
60 State Street
Boston, MA 02109
Telephone: (617) 526-6366
Fax: (617) 526-5000
E-mail: Emily.OHara@wilmerhale.com

*Attorneys for Ibotta, Inc., Bryan Leach, Sunit Patel, Stephen Bailey, Amanda Baldwin, Amit N. Doshi, Thomas Lehrman, Valarie Sheppard, and Larry W. Sonsini*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ Michael G. Bongiorno

Michael G. Bongiorno

**CERTIFICATE REGARDING USE OF GENERATIVE ARTIFICIAL INTELLIGENCE**

Pursuant to this Court's Standing Order Regarding the Use of Generative Artificial Intelligence ("AI") in Court Filings, the undersigned counsel certify that generative AI was not used to draft this filing.

/s/ Michael G. Bongiorno

/s/ Anjan Sahni

/s/ Tamar Kaplan-Marans

/s/ Charles Bridge

/s/ Emily O'Hara